**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YAZAN MOHAMMAD FALEH AWAWDEH,

     Petitioner,

v.

                                 Case No. 2:26-cv-01207-MIS-JMR

WARDEN, Otero County Processing Center; MARY
DE ANDA-YBARRA, El Paso Field Office Director
for Immigration and Customs Enforcement; TODD
LYONS, Acting Director, Immigration and Customs
Enforcement; MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security; and TODD
BLANCHE, Acting Attorney General of the United
States,

     Respondents.

## ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioner Yazan Mohammad Faleh Awawdeh's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April 16, 2026.[1]  Petitioner is a citizen of Jordan who entered the United States seeking asylum more than two years ago after he was kidnapped and tortured by his wife's brothers.  Id. at 11.  His application for asylum is currently pending.  Id.

On February 3, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner.  Id. at 5.  He is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Id. at 1.  He has never received a bond hearing.  Id. at 7.

---

[1]      Petitioner provides very few facts surrounding his entry into the United States, immigration proceedings, and subsequent arrest by ICE.  Respondents provide none.

On April 16, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody.  Id. at 3, 7, 9.  He states that a U.S. citizen is willing to sponsor him during his asylum proceedings.  Id. at 7.

On April 21, 2026, the Court issued an Order to Show Cause which instructs Respondents to answer the Petition and show cause why relief should not be granted.  ECF No. 3.  The Order instructs Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings."  Id.

On May 4, 2026, the Federal Respondents filed a Response.[2]  ECF No. 7.  Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 2.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8

---

[2]   The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Yazan Mohammad Faleh Awawdeh from custody/detention;

3. Respondents **SHALL** return all of Petitioner's seized personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE